USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAMAR BIGSBY, JR. and KARLA
FREELAND, on behalf of themselves
and all others similarly situated,

               Plaintiffs,

   - against -

BARCLAYS CAPITAL REAL ESTATE, INC.,
d/b/a HOMEQ SERVICING,

               Defendant.

---

14-cv-1398 (JGK)

MEMORANDUM OPINION &
ORDER

JOHN G. KOELTL, District Judge:

The plaintiffs in this case are defaulting mortgagors who brought various claims against Barclays Capital Real Estate, Inc. ("Barclays"), the servicer of their loans, claiming various improprieties in the fees that were charged to them. On July 20, 2019, this Court granted the motion for summary judgment by Barclays and dismissed all the remaining claims by the plaintiffs that had not been dismissed in prior decisions. Bigsby v. Barclays Capital Real Estate, Inc., 391 F. Supp. 3d 336 (S.D.N.Y. 2019). The plaintiffs now move for reconsideration on almost every issue decided by the Court.[1] For the reasons explained below the motion for reconsideration is denied.

---

[1] The only issue that the plaintiffs did not contest on reconsideration was this Court's finding that the collection of the allegedly improper fees did not constitute the tort of conversion. Bigsby, 391 F. Supp. 3d at 347-48.

Reconsideration of a previous Opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quotation marks omitted). To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dept. of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "A motion for reconsideration is not an 'opportunity for making new arguments that could have been previously advanced....'" Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) (quoting Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)). Moreover, "[t]he decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03cv2876, 2014 WL 1673375, at *1 (S.D.N.Y. April 28, 2014) (quotation marks omitted); see also Rosner v. United States, No. 16-cv-7256, 2019 WL 1451253, at *1 (S.D.N.Y. Mar. 18, 2019).

The Court dismissed the unjust enrichment claims relating to the plaintiffs' alleged "inflated fee scheme" and the alleged "fee splitting scheme" on the grounds that (1) there can be no

2

quasi-contract claims such as unjust enrichment because the subject matter of the plaintiffs' claims is governed by their loan agreements, to which the defendant is not a party; and (2) there is no evidence that the defendant kept any portion of the allegedly excessive fees and therefore the defendant was not unjustly enriched. The plaintiffs fail to point to any controlling law that the Court overlooked.

The plaintiffs originally argued that a quasi-contract claim could proceed where the defendant was not a party to the contract that governed the subject matter of the plaintiffs' claims. The Court pointed to a controlling case in California, whose law governed the claims of three of the four plaintiffs, where, contrary to the plaintiffs' position, the California court held that the plaintiffs in that case could not proceed on a quasi-contract claim against defendants where the claims of the plaintiffs were governed by contracts with third parties. See Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc., 114 Cal. Rptr. 2d 109, 125-26 (Ct. App. 2001); Bigsby, 391. F. Supp. 3d at 345 & n. 5. This is also consistent with the law in New York. See Law Debenture v. Maverick Tube Corp., No. 06-cv-14320, 2008 WL 4615896, at *12 (S.D.N.Y. Oct. 15, 2008) (collecting cases), aff'd sub nom. Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp., 595 F.3d 458 (2d Cir. 2010). This is also consistent with the general principle that an

3

unjust enrichment claim is an equitable remedy that is barred in the face of an adequate remedy at law. See, e.g., Hanover Ins. Co. v. Hermosa Const. Grp, LLC., 57 F. Supp. 3d 1389, 1398 (N.D. Ga. 2014)(applying Georgia law which applies to the claims of one of the plaintiffs); In re Facebook PPC Advert. Litig., 709 F. Supp. 2d 762, 770 (N.D. Cal. 2010); Bigsby, 391 F. Supp. 3d at 346.

In support of the motion for reconsideration, the plaintiffs cite a pastiche of cases that do not distinguish California Medical Assn. or undercut its holding in any way; nor do the plaintiffs fairly distinguish that case.[2] The plaintiffs cite cases that stand for the proposition that a plaintiff does not have to sue an insurer, see e.g., Katsivalis v. Serrano Reconveyance Co., 70 Cal. App. 3d 200, 213 (Ct. App. 1977), but insurance is not at issue in this case. They also cite cases that state the uncontroversial proposition that an unjust enrichment claim against a party is barred where there is an adequate remedy at law against that same party, but those cases do not state that an unjust enrichment claim against a party is barred only if the adequate remedy at law is against that same party. See., e.g., Sec. Pacific Credit Corp. v. White Ventures

---

[2] The plaintiffs claim that the Court made a "strained effort to squeeze a contrary holding" from California Medical Assn., Pl.'s Mot. at 4, but make no effort to analyze California Medical Assn.'s holding, which is described in this Court's opinion, see Bigsby, 391 F. Supp. 3d at 345 n. 5.

4

Energy, LLC, 2008 WL 11334488, at *7 (C.D. Cal. 2008). The plaintiffs also cite cases where a quasi-contract claim was allowed because the applicable contract did not address the subject matter of the quasi-contract claim, see, e.g., Santa Clara Waste Water Co. v. Allied World Nat'l Assurance Co., 227 Cal. Rptr. 3d 257, 263 (Cal. Ct. App. 2017), but those cases do not hold or imply that a quasi-contract claim can proceed when the same subject matter is covered by a contract - even with a third party. And the subject matter of the plaintiffs' claims for alleged inflated fees and alleged fee splitting is plainly covered by their loan agreements.

Moreover, the plaintiffs do not seek to explain how the equitable remedy of unjust enrichment could be pursued in the face of an adequate remedy at law, namely a suit against the lenders for breach of the contracts that allegedly provided for the fees at issue in the plaintiffs' claims. There is therefore no basis for reconsideration.

The plaintiffs also argue that the Court erred in finding that the plaintiffs were not entitled to unjust enrichment because the plaintiffs had not made the necessary showing that the defendant benefited unjustly at the plaintiffs' expense. Bigsby, 391 F. Supp. 3d at 346-47. The plaintiffs argue that this Court ignored the necessary showing that the defendant would be required to make to support a motion for summary

5

judgment under Nick's Garage, Inc. v. Progressive Casualty Ins. Co., 875 F.3d 107, 114 (2d Cir. 2017). But the defendant explained that it was prepared to have this portion of the motion determined under the standard applicable to a Rule 12(b)(6) motion and argued that the allegations in the plaintiffs' Second Amended Complaint, taken together with the provisions of the Pooling and Service Agreements applicable to the plaintiffs' mortgage loans, showed that the plaintiffs could not establish a claim of unjust enrichment because the plaintiffs had always pleaded that the defendant sought reimbursement from the plaintiffs for amounts that the defendant paid to Fidelity (or other intermediary) and to attorneys engaged to represent the borrowers.[3] The plaintiffs had not alleged that the fees they paid to the defendant were for an amount in excess of the amounts that the defendant advanced. This case was not a case about the defendant skimming money from the funds paid by the borrowers or fees wrongfully withheld by the defendant from the loan owners. The plaintiffs acknowledged as much in responding to the motion for summary judgment, in which they stated, "[f]or the purposes of responding to Barclays' motion, Plaintiffs will assume that Barclay's actually

---

[3] The loan for one plaintiff, Kathleen Murry, was not securitized in a PSA. See Bigsby, 319 F. Supp. 3d at 341. But the Court confirmed from the plaintiffs' counsel at the oral argument of the motion for summary judgment that the absence of a PSA for Murry would not affect the outcome of the motion. See Tr. at 8; see also Bigsby, 319 F. Supp. 3d at 341 n. 2.

paid these overcharges to its attorneys and outsourcers. . . ." Pl.'s Opp'n. at 21 n.18. In their motion for reconsideration, the plaintiffs point to nothing in the Second Amended Compliant that supports the proposition that Barclays kept the allegedly inflated fees to be paid to attorneys or to the intermediaries. Without such benefit, the plaintiffs had no claim for unjust enrichment.[4]

Nick's Garage does not help the plaintiffs. In Celotex v. Catrett, 477 U.S. 317, 325 (1986), the Supreme Court held that the burden on a moving party on a motion for summary judgment "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." In that circumstance, the moving party was "entitled to a judgment as a matter of law because the nonmoving party [had] failed to make a sufficient showing on an essential element of her case with respect to which she [had] the burden of proof." Id. at 323. Nick's Garage made clear that more than a conclusory statement that there was no evidence was necessary to meet the moving party's burden: "In this case, [the defendant's] conclusory assertions that [the plaintiff] had not produced evidence to support particular elements of its claims did not demonstrate the inadequacy of [the plaintiff's] evidence

---

[4] The Court also explained that there was no evidence of any other unjust enrichment. See Bigsby, 391 F. Supp. 3d at 346-47.

7

or [the defendant's] entitlement to judgment as a matter of law." Nick's Garage, 875 F.3d at 117. In the current case, while the defendant stated that the motion could be decided on the Rule 12(b)(6) standard, the defendant pointed to the allegations in the Second Amended Complaint as well as the Pooling and Service Agreements, the plaintiffs' loan agreements, and sample agreements with the retained law firms to argue that there was no evidence – or allegation – that the defendant kept the allegedly inflated fees. Indeed, in its reply papers on the current motion for reconsideration, the plaintiffs point out that the defendant submitted "68 exhibits and two witness declarations in support of its motion. . . ." Pl.'s Reply at 5. The defendant also plainly argued in its initial motion that there was no evidence that it was enriched. Def.'s Mem. at 12-17, 24-25. In response to that specific allegation, and the evidentiary record, the plaintiffs did not come forward with any evidence that the defendant kept those fees, but rather assumed for purposes of the motion, that it did not. The plaintiffs cannot now reinvent an argument of enrichment that was not made.

While the motion for reconsideration challenges this Court's dismissal of the fee splitting claim under California's Unfair Competition Law ("UCL") § 17200, the motion for reconsideration simply reargues the plaintiffs' position that the alleged fee splitting claim violates that statute. That

8

statute applies to practices that are "either unfair, or unlawful, or fraudulent." Bigsby, 391 F. Supp. 3d at 348. The plaintiffs had argued that the fee paid to an intermediary such as Fidelity constituted an "unlawful" practice because it was in violation of California Rule of Professional Conduct 1-320. The Court found that none of the cases cited by the plaintiffs justified a conclusion that the practice rose to the level of a violation of that Ethical Rule or that the practice violated the provision of the UCL that prohibited "unlawful" practices – the provision of the statute on which the plaintiffs relied. Moreover, the plaintiff's argument was foreclosed by the reasoning of then-Judge Sotomayor in Miller v. Wolpoff & Abramson LLP, 321 F.3d 292, 295-96 (2d Cir. 2003) ("The underlying . . . agreement permitted the collection of attorney's fees and . . . the fact that [counsel] later may have intended to share those fees with a non-lawyer does not render the attempt to collect such fees illegal, even if that act of sharing might violate New York professional ethics rules.").

The motion for reconsideration charges that the Court has established a new exception to Rule 1-320, but the Court did no such thing. The Court explained that the plaintiffs have pointed to no comparable case where the type of payment challenged in this case was found to be a violation of the Rule.

9

The plaintiffs attempt to rely on a recent case from California to support their argument, but that case actually undermines the plaintiff's argument. The plaintiffs cite <u>LegalForce RAPC Worldwide P.C. v. UpCounsel, Inc.</u>, 18-cv-02573, 2019 WL 160335 (N.D. Cal. Jan. 10, 2019), for the proposition that "the court found that plaintiff alleged a valid UCL claim based on alleged fee-splitting by a competitor under the 'unfair' prong of the UCL, even if a violation of 1-320 would not be 'unlawful' under the statute." Pl.'s Mot. at 11. Putting aside that this case is not a case by a competitor, the only claim in this case at this point is that the defendant violated the "unlawful" prong of UCL § 17200 by violating Rule 1-320 of the California Rules of Professional Conduct ("RPC"). As to that issue, the District Court in California could not have been clearer: "In sum, given the RPC's express bar on private enforcement, plaintiffs are precluded from enforcing RPC 1-320 and 1-400 privately by using them as predicates for their UCL claims. [The] motion to dismiss plaintiffs' UCL claim based on a violation of these rules is thus granted." <u>LegalForce</u>, 2019 WL 160335, at *16.[5]

The plaintiffs dispute the dismissal of the breach of contract claim by plaintiff Grimes, which seeks to recover post-

---

[5] The California court also found that a competitor stated a cause of action based on the "unfair" prong of UCL based on alleged fee sharing by a competitor that threatened competition. See <u>LegalForce</u>, 2019 WL 160335, at *17-18. That holding was not based on Rule 1-320 and was decided based on the "unfair" prong of UCL because of the potential effect on competition. None of those factors apply in this case.

10

acceleration late fees, but still do not dispute that the defendant was not a party to the loan agreement that Grimes claims was breached, and the plaintiffs have failed to present evidence of a valid assignment or partial assignment of the contract to Barclays. Moreover, for the reasons explained at length in the original decision, the claim by Grimes is time-barred. The plaintiffs point to no case where a breach of contract claim only accrues when a lawyer tells a plaintiff that the plaintiff has a claim to be pursued.

Finally, the plaintiffs argue that the Court erred in dismissing the claims for overcharging and improper collection under Cal. Civ. Code § 2924(c) because they were not raised in the Second Amended Complaint. The plaintiffs claim that the defendants were on notice of these claims based on the plaintiffs' responses to Interrogatories in the course of discovery. But if plaintiffs had claims to be brought as a result of discovery, they should have sought to amend the complaint yet another time, a motion that would have been resisted in view of the long history of complaints in this action. The defendants should not have been required to make a motion for summary judgment dismissing the claims that were made in the Second Amended Complaint, only to be met with new claims in response to the motion. The new claims were properly dismissed, and the plaintiffs have not pointed to any

11

controlling authority that the Court overlooked. The plaintiffs failed to plead the new claims and the defendants were not required to intuit them before making their motion for summary judgment.[6]

## Conclusion

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit.

The motion for reconsideration is **denied**. The Clerk is directed to close Docket No. 247.

SO ORDERED.

Dated: New York, New York
October 22, 2019

_____
John G. Koeltl
United States District Judge

---

[6] The plaintiffs cite to the liberal notice pleading standards that the Court of Appeals noted in Century 21, Inc. v. Diamond State Ins. Co., 442 F.3d 79, 83 (2d Cir. 2006), quoting Conley v. Gibson, 355 U.S. 41, 47-48 (1957). But the broad pleading standard in Conley was put to rest in the subsequent Supreme Court decision, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-63 (2007).

12